Mr. Elliott's amended petition for post-conviction relief was dismissed by the trial court at the second stage level of the proceedings. In dismissing his petition, the trial court found that he filed his pro se petition untimely. However, the trial court's finding was incorrect. The due date for his petition was on October 29, 2014. Mr. Elliott requested postage and However, the prison mail-in system delayed postage until October 28, 2014. But, by October 28, 2014, the petition was already with the mail-in process and was ready and stamped as a legal mail and sent out in the U.S. postage system. Therefore, the date of mail-in, the October 28, 2014. By then, that was a full day ahead of the deadline, which was October 29, 2014. Therefore, under the mailbox rule of Illinois Supreme Court Rule 12b-4, Mr. Elliott revealed himself of the date of mail-in, which would have been October 28. Therefore, his petition was timely filed. Does the court have any questions as to this point? Therefore, the record rebuts the finding from the trial court that he mailed it after the due date. It's my understanding the postage payment was October 28, but the certificate, the statement in the certificate was that he placed his petition into the prison mail on October 20. Yes, Your Honor. So, how do you explain those two dates? Well, he is an incarcerated petitioner. There is a lot of system by which he must go through before he finally mailed it. When he signed the document, he attested that he was going to place it in the mail by October 28. However, because of prison procedure and the minimum requirement of the prison in which he was, it took him five days to request postage payment. And then, once he requested postage payment, it took the prison system another three days to authorize the mail-in. This is not Mr. Elliott's fault. His certificate is valid and his mail-in occurred. Even if you consider the October 28, his mail-in would have occurred a full day ahead of the deadline, which was October 29. What about the notary seal? The notary seal, the date on the notary seal says October 8. However, that, Your Honor, must be nothing more than a typographical error. Was an affidavit filed in that regard? As to the typographical error? Right. No, not as to the notary seal. The date of the notary seal is not the operating date. The operating date, the date that this court must look at to determine the timeliness of his petition is the date that he is attesting to. And even if you Yes, Your Honor. Attesting with a notary seal? Yes. So if we look at the date of his attestation, it would be October 8, even though you claim it's an error, which it probably is, but even, yes, Your Honor, if you look at the October 8 date, that is still 21 days ahead of the deadline. There is nothing in the record that the But we know he didn't attest on that date because he files a petition. He files on October 20. That's the attested date. And that is the mail-in date. On the People v. Henson, the mail-in date is the certificate date, and the certificate date is the date that he is attesting to, which is October 28, the 20th of October. All other dates only show that even if you consider the last possible date, which would have been the mail-in date from the stamp of the prison mail-in system, which is October 28, that is still ahead of the October 29. So the only issue that you're claiming in this portion of your argument is that the mailbox rule should apply. Yes, Your Honor. And that he placed it into the mailbox, quote-unquote, which is the prison mailing system. Yes, Your Honor. In a timely manner. Yes, Your Honor. That is our, that is the main point of our argument, is that he timely placed it in the mailbox rule, in the mailbox within the prison system. You raised in your appeal four more issues that seem to be merits issues. There are two meritorious issues, because this is a second. First of all, let's talk about whether they involve the merits of an appeal. Because it seems to me that we first have to decide whether or not the petition was timely, and even if we do decide it's timely, we would remand it for a second stage hearing. No, Your Honor. No? No. If you decide that the petition is timely, this court should look at the merits in order to determine whether a third stage evidentiary hearing is required. Well, isn't that the province of the trial court? It is the province of the trial court. However, the trial court did not do its job because the state did not contend the merits. The state only challenged the timeliness, so the trial court only looks after the timeliness and not after the merits. However, if we agree with you that it was error to dismiss at the second stage, wouldn't we remand? No, Your Honor. Because if you agree with me that it was timely, this court can still disagree and find that it should be dismissed because of lack of merit. That is the rule set in Demetrio. This court can affirm the dismissal on any grounds. It doesn't have to affirm it simply on the timeliness. If this court determines that, yes, this is timely, this court may, in its discretion, determine that there is no merit and dismiss it for lack of merit. Therefore, this court will be doing the same job that I'm asking it to do, which is look at the merit and determine whether it's merit. However, if this court finds that it is timely and remands for a second stage review at the trial court, it creates piecemeal litigation because the trial court will be doing the same assessment we are asking this court to do. And if the trial court dismisses again despite a lack of merit, Mr. Elliott will again appeal and this court will be called upon to do the same task which I am asking the court to do today, which is to look at the merits and determine whether a third stage evidentiary hearing should be granted. Well, let me ask you this. Why wouldn't we ask ourselves, why didn't Mr. Elliott raise this on direct appeal? He's already had a direct appeal. That's the issue, that's the second meritorious issue, is that appellate counsel was ineffective for not raising his raw deal violation. Appellate counsel... Why wasn't that raised on direct appeal? Because appellate counsel did not... It was ineffective? Yes, that is the crux of our argument. The second argument is that appellate counsel was ineffective. There was a raw deal, there was a public trial violation at the raw deal. I don't know what that means. I've never seen that. What's a public trial violation? A public trial violation is when the public is not allowed to see the proceeding of the court of the trial. As you can see, there are several people in the courtroom. If the bailiff closes the door and says only the attorneys and the judges are allowed during the proceeding, that's what happened at the raw deal, and it's on the record. Well, there's a line or two on the record, but it's not clear to me why or how those proceedings got closed. The bailiff merely says, can I let the people in now? Which the only reasonable deduction from that statement is that the bailiff was told at some point not to let anyone in. Why didn't he make that presumption? It is not a presumption, Your Honor, because it is clear from the bailiff's statement. Can I allow the spectators in the court now? Well, maybe the bailiff made a mistake by not letting them in. Many times during the raw deal in these small courtrooms that I've been in, there's no room for the people to sit until the jury is selected. And, Your Honor, that was discussed in Leland v. Massachusetts. Even though if the bailiff will close the door without an order from the trial court, it is still a public trial violation. The public must be allowed in the courtroom when the proceedings start. The moment jury selection is beginning, the moment the trial is called, the public must be allowed in the courtroom. That was the holding in Weaver v. Massachusetts. Do we have any indication that the public wanted to be in the courtroom but was not allowed in the courtroom? Yes. Mr. Bateman submitted affidavit from his family members saying that they were not allowed in the courtroom and that he discussed it with the trial attorney. So... Go ahead. You can answer the question. There is sufficient matter on the record to show that there was a public trial violation. The matter on the record is as sufficient as it was found by the U.S. Supreme Court in Weaver v. Massachusetts and that enough entitled the defendant to a structural error, which was not done here. Is there any rationale expressed in the record for not having an open public hearing in the voir dire? No, Your Honor, and this is why a third stage evidentiary is required. These issues must be addressed in the third stage. The bailiff should be called at the third stage to explain whether it was an order from the trial court or whether in fact the public was not allowed in the courtroom, which is why we are asking a third stage evidentiary hearing. Therefore, we ask the court to find that the trial court was incorrect in finding that the petition was untimely and we ask the court to remand for a third stage evidentiary hearing. Thank you. Thank you, counsel. May I please the court? Good afternoon, Your Honors. My name is Erin Wilson-Langler and I appear on behalf of the state. Your Honors, I'd like to start by addressing the petitioner's arguments on the merits of his post-conviction petition, which are set forth in Parts 2 and 3 of this brief. Below, the trial court dismissed post-conviction petitions solely because the petitioner was wrong. The trial court did not reach in any way the merits of petitioner's claims. In fact, it expressly declined to do so because it was dismissing for this procedural defect. As argued in the state's brief, pursuant to Supreme Court Rule 615b1, this court is vested with the authority to reverse, affirm, or modify the judgment or order appealed from. As illustrated by the Supreme Court's decision in Beauclair, where a post-conviction petition is dismissed solely for a procedural defect, a reviewing court may only address the procedural issue. It is not vested with the authority to reverse the procedural defect and then issue a decision on the merits of the petition, which would necessarily entail fact-finding and would extend beyond the judgment or order appealed from. So with regard to opposing counsel's argument, if we find that that petition was timely, you would agree with my question that we would remand for a second-stage determination? Yes, Your Honor. It would remand back into the time at which the court made its decision. So the proper remedy would be remand for further second-stage proceedings, which is illustrated exactly what the Supreme Court did in Beauclair. As stated, Rule 615 bests this court with the ability to affirm and reverse the order, and any decision on the merits of petitioner's claims in the post-conviction petition would result in an advisory opinion, which are disfavored by Illinois courts. Turning to the timeliness issue, this court should affirm the trial court's dismissal of the petitioner's post-conviction petition because the petition was, in fact, untimely. Petitioner's arguments to the contrary missed the mark. In this appeal, the operative question is not whether the petition was placed in the prison mail prior to the deadline. The operative question is whether the petitioner may avail himself of the mailbox rule. Supreme Court Rule 12b-4 is simple. To take advantage of the mailbox rule, the pro se filing must be accompanied by a valid proof of service. Without a valid proof of service, the document is deemed filed on the date of receipt, not on the date of mailing. Here, petitioner's proof of service was invalid for multiple reasons. First, the notarization occurred on October 8th, a full 12 days before Petitioner averred he mailed the petition. What if that's an error? I mean, what if that's the scrivener's error? Your Honor, the date of notarization, it – let me back up. So proofs of service are governed by Section 1-109 of the Code of Civil Procedure, which requires a document to contain a statement of fact within the personal knowledge of the affiant. Right. We did away with notarization under 1-109, didn't we? Your Honor, in 12b-4, it expressly cites Section 1-109. Now are you in 12b-4 or 1-109? 12b-4 is the mailbox rule. In order to avail yourself of the mailbox rule, the proof of service must comply with 109. 109 has – says that all pleadings must be notarized? It says that a – Are you talking 735 ILCS 5-1-109? I believe so, Your Honor. 109? Yes. I thought that did away with all notaries so that parties could file under a verification procedure. Go ahead. Don't throw the blame on me, my part. Essentially what 12b-4 is saying is that a valid proof of service must be an affidavit. It must – I agree with the 12b rule. Okay. But on 1-109, verification is by certification unless expressly provided by Supreme Court rule. You can do it under this format. You don't require a notary anymore. Well, going into the – I think read together is what your argument might be. Yes. And looking at – But either way, he didn't do a 1-109 either. Right, Your Honor. But if we look at the – look to the case law, both easily and sequentially, both of which are cited in the briefings, the proof of service must be notarized in order to constitute a valid proof of service. And the issue arises here in the fact that the proof of service is notarized apparently on October 8th, which it could be an error, but there's nothing in the record that demonstrates that that's an error. And then he's averting that he has mailed his petition on October 20th, which obviously there's a 12-day difference. That's not saying that I'm going to mail this on the same day that I'm having it notarized. So that creates an issue. Furthermore, the October 20th date is positively rebutted by the record, meaning that the trial court was entitled to reject that averment as false. The petition itself was not notarized until October 21st, and then postage was not requested until at least October 25th. Therefore, the petition absolutely cannot have been mailed on the October 20th date, meaning there is no proof of service. Even assuming that the notarization date was a scrivener's error, we must look to this October 20th date because that is the date that he is saying that he placed his petition in the mail. However, the record positively rebuts that statement, meaning that it is false and the trial court was not required to accept this proof of service. And because there is no proof of service, the petitioner cannot avail himself of the mailbox rule pursuant to Rule 12b-4. What did the certification actually say? His certification? Yes. It stated that he placed the petition in the mailing system on October 20th. Did he state it under penalty of perjury or anything like that? I believe so, Your Honor. I mean, was it in accordance with 1-109 where he says, under penalties as provided by law pursuant to Section 109, the undersigned certifies that the statements set forth in this instrument are true and correct? I believe so. I think it contained language substantially similar to that. I'm not sure if it was an exact quote or not. So if that's true, he doesn't need a notary. Even in 1-109, if, and this is a civil matter, right, a post-conviction petition is governed by the civil rules of procedure.  So if, in fact, his certification complies with 1-109, then we don't need a notary. Because 1-109 eliminated notaries as long as the certification is pursuant to that rule. Sure. Or statute. Assuming that's true, Your Honor, we still have this October 20th date that is positively rebutted by the record, rendering this proof of service essentially nullified. What rebutts it? Your Honor, the petition itself was not notarized until October 21st. The postage was not requested until October 25th, and it was not granted until October 28th. So this petition could not be. And the date was the 29th, wasn't it? The due date, yes. So if it was requested, if everything was put in line, and it was requested of the prison system the 28th, then you're saying that still wasn't enough? Your Honor, the issue is not, it's not whether this petition was actually placed in the mail on that date. The question is whether the petitioner can avail himself of the mailbox rule. To avail himself of the mailbox rule, there has to be a valid proof of service. And it's the State's position that there was no valid proof of service, therefore there can be no mailbox rule. But I'm trying to figure out what the proof of service would have looked like. That's really my question, is what would it have looked like? Rule 12b-4 states that it must essentially be an affidavit. It must be a statement within the defiant's personal knowledge, a statement of fact. And here, the statement of fact is positively rebutted by the record. Now you lost me again. I'm sorry. That's okay, Your Honor. It's the State's position that this proof of service... On October 20th, he issued a certification. Yeah. Well, apparently on October 8th, he signed this... No, no, forget the notary. Okay. On October 20th, he certifies that he's filing this thing, this petition, right? Yes. And your argument is that the proof of service was inadequate because there was a notary piece that was in error. No. We're saying that the proof of service is inadequate because it is false. He did not mail it on the 20th. He cannot have mailed it on the 20th. Because of the notary date. Because he notarized his petition. Go ahead. So there's two notarizations, and I think that might be where this is getting confused a little bit. There's a notarization on the proof of service. That was the October 8th date. There was a second notarization on the petition itself, and it was notarized on the 21st, meaning that the petition was not completed until at least the 21st. Therefore, it cannot have been mailed on the 20th, rendering the proof of service invalid. But if it had been put into the prison mail system on October 28th, okay, that by then, by October 28th, we had a certification, a valid notarization, time-wise, and then putting it into the system on the 28th, and it was really due on the 29th, right? Am I right on those dates? You're correct on the dates. Okay. But the proof of service is inadequate, meaning there can be no mailbox rule, which means it's deemed filed on the date that it's received. Do you mind, Justice Goldberg? Go ahead. Why is the 21st date inadequate? The 20th, you mean? The 20th, he certifies. Why is the notarization of the 21st inadequate? It proves that he did not mail the petition on the 20th. Okay, but he certainly did by the 28th. Possibly. Apparently, from the record. Apparently. Okay. Thank you very much. I'm sorry. Thank you, Your Honor. Of course. Thank you, counsel. Counsel? As you all recognize, this is very simple. He did have it in the mailing system by the 28th, and that's the final date. The state says we missed the mark, but the state is missing the mark, and people rehance, and the court says that so long as the record shows in a postage stamp from a third party, a disinterested third party, as the U.S. postal system or the prison mailing system, a stamp from them showing that the date, the last possible date, was before the deadline is the operative date. The operative date is October 28th, which was a full day before the deadline. Therefore, his petition was timely. Counsel, I want to ask you about 5-1-109 of the Code of Civil Procedure. Did your client put a verification into his pleading that complied with that? I have to look at it myself. He put an affidavit that complies with Rule 12b-4, and that affidavit certifies that he is under pain of perjury. It is attesting that the date that he is placing it in the mail is October 28th. That is what he certifies to, and he believed that he needed a notary, which he did secure a notary, but if your Honor finds that he does not need a notary, his certification was under pain of perjury, and it was a valid certification. Have you looked at that statute? What do you think? No, Your Honor, I am not familiar with that statute. You're not familiar with that statute? The operative statute that is required under the mailbox rule is operative from Rule 373 from the Illinois Supreme Court and Rule 12b-4 of the Illinois Supreme Court, which requires that he certifies under court from someone who is authorized to take such certification, which is what he did in complying with the rules, which he believed that he needed to comply with. If your Honor finds that that statute is operative, but requires that the parties cite a supplemental briefing, we are willing to do so. We don't need that. And perhaps this is an advisory opinion. And I caution myself on that regard. But both of you ought to read Rule 1-109. I will do so. In the court of slip of procedure. I will do so. However, Your Honor, this is not an advisory opinion, which leads me to my second point of rebuttal. Your Honor, just to back us up. Deauclair is not operative here. In Deauclair, the parties never raised the merits of the underlying petition. In Deauclair, the merits was never before the court. Therefore, in Deauclair, the court was never asked to look at the merits before deciding on the timeliness. But the court in this case said he wasn't going to look at the merits. He specifically put on the record he wasn't going to. The court did so because the state did not respond. The court can dismiss a petition on timeliness if it chooses to without deciding the merits. However, once an appeal is taken, this court can affirm that dismissal either because of the untimeliness or because of the lack of merit. If this court finds that it is timely, this court must still look at the merit in order to determine whether a dismissal is required. And our position is that, the law's position, is that if such a merit-based analysis is required to determine dismissal, then it's required to determine whether a 12-stage evidentiary decision should be going forward. However, because this is a de novo standard, and because this court is acting within its discretion to remand for a third stage, to do so, to remand for a second stage, only hurts the court and the defendant because it leads us back where we are right now. It creates piecemeal litigation, and Mr. Elliott has already been delayed justice by three years, so he will have perhaps another three years before this court is finally addressing the merits, which it can do now without any violation of the rule of law. I don't see how this court can address merits without some evidence. We can't start having witnesses appear and— Your Honor, this is a— Third-stage evidentiary hearing is not something we would do. No, you will not be doing the third-stage evidentiary. What we are asking this court to do is to find that Mr. Elliott has made a substantial showing of a constitutional violation. And how do we do that without— By looking at the merits. That is a de novo standard, Your Honor. It's not a— I agree with you. It's de novo as to whether the court ruled correctly under the statute. It is de novo as to whether the court should have dismissed. Not whether the reasons for the dismissal is correct. It's whether dismissal could have occurred. Here we see— That's what we're saying is that we can't look at the reasoning. The court said he's not reaching the merits. Well, if— Your Honor, can I ask a question, please? If the court—if the court looks at the merits, it will simply look at it and say, well, should the court have gone forward with this based on the merits? There is no fact-finding that was done in this case. The only finding of fact is a finding that was incorrect. There is a de novo standard which requires a legal analysis, and all this court has to do is look at the claims in the petition and say, is this sufficient to go forward on a third-stage evidentiary hearing? And if you look at the brief and you look at the petition, it is sufficient for a third-stage evidentiary hearing. Therefore, we would ask the court to reverse and remand for a third-stage evidentiary hearing. Thank you, Your Honor. Thank you, counsel. We appreciate the briefs and arguments of counsel. We'll take the case under advisory.